IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WALLACE TAYLOR RUTHERFORD, JR.,

Plaintiff,

v.

MEDICARE-MEDICAID COMMISSIONER;
PERS CENTER SALEM, OREGON; U.S.A.
CONGRESS TREATIES PERS; and OREGON
LEGISLATURE TREATIES,

Defendants.[1]

Case No. 3:15-cv-00553-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, Magistrate Judge.**

Plaintiff Wallace Taylor Rutherford, Jr. ("Plaintiff"), filed a *pro se* complaint against the

above-named Defendants on April 3, 2015. Service of process has not yet occurred. Plaintiff has also

filed an amended application to proceed *in forma pauperis*. The Court grants Plaintiff's amended

application to proceed *in forma pauperis* (ECF No. 9). However, for the reasons explained below,

---

[1] The Clerk of Court is directed to correct, on the Court's docket, the spelling of "Medicare-
Medicaid Commissioner," as reflected in this Findings and Recommendation.

Page 1 - FINDINGS AND RECOMMENDATION

the Court recommends that the district judge dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is duplicative of an earlier-filed action.

## BACKGROUND

On March 23, 2015, Plaintiff filed a *pro se* complaint ("the first action") against the Commissioner of the Social Security Administration and Telecare Corporation in the United States District Court for the District of Oregon. Complaint at 1, Rutherford v. Commissioner, 3:15-cv-00476-SB (D. Or. Mar. 23, 2015). In the first action, Plaintiff lists his state citzenship as "treaty paradiem [sic] enhanced benefit," and he lists the named defendants' state citizenship as "statutory paradiem [sic] minimum benefit." *Id.* at 3. As to the basis for jurisdiction, Plaintiff alleges: "United States Congress[,] U.S. Senate[,] [and] U.S. House of Representatives ratified my State of Oregon Public Employees Retirement System . . . to change to more [sic] my Social Security and Medicare and Medicaid[.]" *Id.* at 3. Under his statement of claims, Plaintiff alleges, among other things, that (1) he "paid for and completed for the reason of [his] life an enhanced benefit paradiem [sic] with matching funds from the State of Oregon and United States of America," (2) Defendant falsified his "papers and benefits including [his] birth date at Oregon Department of Motor Vehicles," and (3) his "birth date is May 27, 1933 [and his] name [is] Mr. Akona Wayne Sosué." *Id.* at 3-4.

On April 3, 2015, Plaintiff filed a second *pro se* complaint ("the present action") against "Medicare-Medica[id] Commissioner," "PERS Center Salem, Oregon," "U.S.A. Congress," and "Oregon Legislature Treaties." (Compl. at 1.) In the present action, Plaintiff lists his state citizenship as "all benefits are an enhanced treaty paradiem [sic]," and he lists the named Defendants' state citizenship as "minimum benefits statutory paradiem [sic]." (Compl. at 3.) As to the basis for jurisdiction, Plaintiff alleges: "Oregon Public Employee[s] Retirement System . . . ratified by the

Page 2 - FINDINGS AND RECOMMENDATION

United States Congress to enhanced [sic] treaty benefits confirmed by [the] Oregon Legislature for enhanced treaty benefit paradiem [sic]." (Compl. at 3.) Under his statement of claims, Plaintiff (1) generally refers to fraud, theft, and identity theft, (2) lists several claim unknown numbers, and (3) alleges "theft of 401K benefits [at] k[i]nesis" and "theft of retirement benefits k[i]nesis." (Compl. at 3-4.)

On April 14, 2015, Plaintiff filed a third *pro se* complaint ("the third action") against, among others, the United States of America, the Oregon Public Employees Retirement System, "Medicare [and] Medica[id] Services Director," "USA Congress," the Oregon Legislature, "PERS Treaties," and "Treaty Paradiem [sic] no copays." Complaint at 1, Rutherford v. United States, 3:15-cv-00639-SB (D. Or. Apr. 14, 2015). In the third action, Plaintiff lists his state citizenship as "enhanced benefit treaty paradiem [sic]," and he lists the named defendants' state citizenship as "minimum benefit statutory paradiem [sic]." *Id.* at 3. As to the basis for jurisdiction, Plaintiff alleges: "I have an Oregon Public Employees Retirement [S]ystem (PERS) treaty with the United States Congress[,] USA Senate and USA House of Representative for an enhanced benefit treaty paradiem [sic] and the centers for Medicare [and] Medicaid are doing a minimum benefit statutory paradiem [sic]." *Id.* Under his statement of claims, Plaintiff refers to the "use of a black list" and "kin[e]sis/conspiracy situation," denial of certain benefits, alteration of his age, and "records saying [he doesn't] look that old." *Id.* at 3-4.

## LEGAL STANDARDS

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28

U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, No. 1:13–cv–0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

A district court may dismiss a complaint as factually frivolous when the facts alleged "lack[] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A district court may also dismiss a complaint when it merely repeats the same factual allegations that the plaintiff asserted in a previously-filed case. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("In this case, Bailey's complaint repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants. . . . We perceive no abuse of the district court's [broad] discretion in dismissing this case as duplicative of Bailey's prior litigation and subject to dismissal under section 1915(d).").[2]

## DISCUSSION

After careful review, this Court concludes that Plaintiff's claims lack any arguable basis in law or in fact, and are duplicative of the frivolous claims he alleged in his earlier-filed complaint (the first action), and later-filed complaint (the third action). In all three actions, Plaintiff challenges an

---

[2] The *Cato* and *Bailey* courts cited 28 U.S.C. § 1915(d), which is now renumbered as 28 U.S.C. § 1915(e)(2)(B). *Williams v. Fed. Dist. Ct.*, No. 11-cv-3174, 2012 WL 1323707, at *1 (2d Cir. Apr. 18, 2012)

alleged "enhanced benefit parad[igm]," apparently related to the Oregon Public Employees Retirement System, Social Security, Medicare, and Medicaid, although his allegations are largely nonsensical.

The Fifth Circuit was confronted with similar procedural circumstances in *Lewis v. Secretary of Public Safety & Corrections*, 508 F. App'x 341 (5th Cir.), *cert. denied*, 133 S. Ct. 2802 (2013). In *Lewis*, a state prisoner brought two *pro se* complaints that concerned allegedly unconstitutional strip and body cavity searches. *Id.* at 342-43. The later-filed complaint named three different defendants, but contained language nearly identical to that of the earlier-filed complaint. *Id.* On appeal, the Fifth Circuit concluded that the district court did not abuse its discretion in dismissing the plaintiff's later-filed complaint as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at 344. In so holding, the Fifth Circuit emphasized that the two complaints were based on the same conduct and, therefore, would "form a convenient trial unit with the earlier case, which involves virtually identical material facts and issues." *Id.* The fact that the later-filed complaint named three different defendants did not change the result, because, as the Fifth Circuit explained, the plaintiff could "seek to amend his complaint in the first lawsuit, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, to name the three new defendants." *Id.* at 344 n.2. The Fifth Circuit did, however, modify the judgment entered by the district court, noting that "the dismissal should have been without prejudice," instead of with prejudice. *Id.* at 344. Specifically, the Fifth Circuit modified the judgment to read as follows: "[T]he judgment [of the district court] is hereby MODIFIED so that the dismissal is without prejudice to [the plaintiff]'s prosecution of [the earlier-filed complaint,] case number 1:10–CV–291, and the judgment as so modified is AFFIRMED." *Id.*

Page 5 - FINDINGS AND RECOMMENDATION

In accordance with *Lewis*, the Court recommends that the district judge dismiss the present action pursuant to § 1915(e)(2)(B), because it duplicates the frivolous claims Plaintiff alleged in the first action. *See Lewis*, 508 F. App'x at 343-44 ("A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation."); *id.* at 344 (explaining that a "case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit'") (citation omitted); *Cato*, 70 F.3d at 1105 n.2 ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'"); *Bailey*, 846 F.2d at 1021 (affirming dismissal of case as duplicative of earlier-filed action, even though plaintiff named new defendants in the second action). The district judge should dismiss this case, without prejudice to Plaintiff amending his complaint in the first action, Case No. 3:15-cv-00476-SB, to include any related claims or parties. *See, e.g., Lewis*, 508 F. App'x at 344.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's amended application to proceed *in forma pauperis* (ECF No. 9), and recommends that the district judge dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), because it is duplicative of an earlier-filed action. The Court further recommends that the district judge enter judgment dismissing this case without prejudice to Plaintiff's prosecution of the first-filed action, Case No. 3:15-cv-00476-SB.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a

Page 6 - FINDINGS AND RECOMMENDATION

response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 8th day of July, 2015.

STACIE F. BECKERMAN
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION